**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MORGAN WALLACE,

    Plaintiff,

v.                                                   Case No: 8:14-cv-1755-T-30AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Remand (Dkt. #9) and Defendant's Response in Opposition (Dkt. #12). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

### *Background*

This bad faith case relates to an underlying action in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County (the "State Court Action"), for uninsured motorist benefits arising out of damages sustained by Plaintiff during a November 2011 automobile accident. On April 4, 2013, Plaintiff added Defendant GEICO General Insurance Company ("GEICO") to her Amended Complaint to sue under an umbrella policy which provides $250,000 stacked uninsured motorist coverage.

On June 30, 2014, based on the parties' Joint Stipulation, Plaintiff filed a Second Amended Complaint in which she brings three counts against GEICO for declaratory judgment, damages under the insurance policy, and statutory bad faith under Florida Statutes § 624.155. On July 18, 2014, GEICO filed its Notice of Removal (as to Count III) and its Motion to Dismiss Count III of the Second Amended Complaint (Dkt. #3). GEICO moves to dismiss the bad faith claim on the basis that it is premature.

Plaintiff seeks remand on three bases: GEICO cannot demonstrate subject matter jurisdiction, the removal is untimely since it occurred more than one year after the commencement of the action, and the removal is premature since the bad faith claim has not accrued.

## *Discussion*

"Federal courts are courts of limited jurisdiction." *US. v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005). As a result, the removal statutes are strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). And any doubts about jurisdiction should be resolved in favor of remand. *Univ. of S. Ala.*, 168 F.3d at 411.

The Court's subject matter jurisdiction based upon diversity of citizenship jurisdiction is a threshold issue that must be determined based upon an evaluation of the state court complaint, the notice of removal, or evidence relevant to the amount in controversy at the time the case was removed. *Marquez v. State Farm Mut. Auto. Ins. Co.*, 6:14-CV-241-ORL-36, 2014 WL 2968452 (M.D. Fla. 2014) (citing *Williams v. Best Buy*

*Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). The parties do not dispute that there is diversity of citizenship. However, the state court in the underlying claim has not made a final determination as to liability and damages. Therefore, this Court cannot determine that the value of the bad faith claim meets the jurisdictional threshold of $75,000. *See id*. (construing the bad faith claim as having no current value for jurisdictional purposes when it had not yet accrued). *See also Brown v. Safeco Ins. Co. of Illinois*, 6:13-CV-1982-ORL-31, 2014 WL 1478833 (M.D. Fla. 2014) ("a non-ripe bad faith claim has zero value with regard to the amount in controversy"). Therefore, the Defendant has not met its burden to demonstrate that the Court has subject matter jurisdiction.

A bad faith claim is a cause of action separate and independent of the underlying uninsured motorist claim. *Lahey v. State Farm Mutual Automobile Insurance Co.,* 2007 WL 2029334, at * 1 (M.D.Fla. July 11, 2007). The court in *Lahey* concluded that "[s]ince Plaintiffs' bad faith claim is a separate and distinct cause of action, Defendant was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original UM claim was filed." *Id*. This Court agreed with *Lahey,* and concluded it was well-grounded in Florida law.[1] *Rock v. State Farm Mut. Auto. Ins. Co.,* 8:12-CV-2890-T-30AEP, 2013 WL 230248 (M.D. Fla. 2013) (Moody, J.). *See also Barnes v. Allstate Ins. Co.,* 8:10-CV-2434-T-30MAP, 2010 WL 5439754 (M.D. Fla. 2010) (Moody, J.).

---

[1] *But see Barroso v. Allstate Prop. & Cas. Ins. Co.,* 958 F. Supp. 2d 1344 (M.D.Fla. 2013) (Dalton, J.) (noting its disagreement with *Lahey* and stating that "the amendment of the complaint adding a bad faith claim does not commence the action anew.")

However, since Plaintiff's declaratory judgment and damages claims are still pending, GEICO's removal is premature. A bad faith claim does not accrue until the conclusion of the underlying uninsured motorist case. *Rock,* 2013 WL 230248 (citing *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)). Therefore, removal of a bad faith claim is premature if it is removed before the entry of a final judgment in the underlying case. *Id.*; *Barnes*, 2010 WL 5439754 at *2 ("if [defendant insurer] had removed the bad faith claim within thirty days from the filing of the amended complaint asserting such a claim, as Plaintiff suggests, the removal would have been premature because a final judgment had not been entered in the underlying case at that time."). It is undisputed that the state court has not entered a final judgment in the underlying uninsured motorist case.

The Court concludes that remand is appropriate because GEICO has not met its burden to demonstrate that the Court has subject matter jurisdiction and the bad faith claim has not accrued, rendering its removal premature. Plaintiff's request for attorney's fees is denied. There is no basis for the Court to find that Defendant acted unreasonably or in bad faith in removing this case, particularly given the conflict in authority regarding removal of similar claims in this district.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand (Dkt. #9) is GRANTED.
2. The Clerk is directed to remand this action to the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, and provide that court with a copy of this Order.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of September, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1755 remand 9.docx